Argued January 18, affirmed February 8, rehearing denied March 7, 1916.

# STEVENS *v.* TAYLOR.

(154 Pac. 895.)

**Municipal Corporations—Taxation—Legislative Power — Amendment of Charter.**

1. Under a town charter (Sp. Laws 1893, p. 253, § 50, Art. I), providing that the common council might levy and collect taxes not to exceed one half of 1 per cent, except as otherwise provided in the act, upon all real and personal property, an amendment by the common council "to levy, assess and collect taxes not to exceed (1) per cent except as otherwise provided and ect," was so indefinite as to be unenforceable without inserting after the words "except as otherwise provided," the clause, "in this charter," and further excluding the word and abbreviation "and ect"; and hence was too vague and doubtful to authorize a levy of taxes beyond the original charter limitation.

> [As to validity of statute conferring upon municipal corporations authority to amend or adopt new charter, see note in **Ann. Cas. 1913C, 788.**]

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.    Statement by MR. CHIEF JUSTICE MOORE.

This is a suit by Welby Stevens and others to enjoin S. W. Taylor, treasurer of Lane County, Oregon, J. C. Parker, sheriff of Lane County, Oregon, and the Town of Springfield, a municipal corporation, from collecting a part of the taxes attempted to be levied by the Town of Springfield, Oregon.   The complaint alleges the corporate capacity of the town and of Lane County, of which it forms a part; that the defendants S. W. Taylor and J. C. Parker are, respectively, the treasurer and sheriff of that county; describes the various lots owned by the several plaintiffs in that town, and avers, in effect, that on November 26, 1913, the town attempted to levy a tax, for the different funds for the ensuing year of 15 mills as follows: General, 5; sinking, 5; light and water, 3.6; band, .4; and street improvement, 1—and thereupon endeavored to certify such pretended levy to the county clerk of that county; that by its charter the town is prohibited from levying or collecting more than 5 mills for general purposes, and has no right to levy or collect taxes for the fund of light and water, or for band; that in pursuance of such notice there was entered on the tax-roll of that county what purported to be a tax of that town of 15 mills on every dollar of the assessed valuation of the taxable property therein; that the tax-roll containing such entries was placed in the hands of the county treasurer for collection; that the sums so entered on the roll as charges against such assessable property are illegal, as to the attempted levy of a fund for light and water, and for a band; that each of the plaintiffs has paid all the taxes so extended, except as to the

funds last mentioned; that unless enjoined, the county treasurer and the sheriff will attempt to collect such invalid taxes as delinquent; and that by reason of the entry thereof on the tax-roll a cloud is thereby cast upon the title of the several parcels of real property so owned by the plaintiffs in that town.

The answer denies the material averments of the complaint, and for a further defense alleges, in substance, that the common council of the Town of Springfield prepared and adopted amendments to the municipal charter, which alterations were submitted to the legal voters of the town at a regular election held therein December 3, 1906, at which such amendments were ratified by a majority of all the votes cast thereon, whereby the charter was duly amended and the town was thereupon authorized to levy a general fund tax of 10 mills upon the assessed valuation of all the taxable property therein, and that a copy of the official records of the town, relating to such amendments, is made a part of this answer and marked "Exhibit A"; and that pursuant to such authorization the town has usually levied a general fund tax of more than 5 mills, setting forth the levies of all funds for the years 1906 to 1913, both included. A copy of the records of the meeting of the common council of Springfield, held November 19, 1906, as far as important herein is as follows:

"The following amendment was drafted for the purpose of amending: * * Chapter 8, section (50); article (1) of the charter of the Town of Springfield be amended so as to read: 'To levy, assess and collect taxes not to exceed (1) per cent except as otherwise provided and ect.' "

A demurrer to the separate answer, on the ground that it did not state facts sufficient to constitute a defense to the suit, was sustained. A stipulation, signed

by counsel and admitting some of the averments of the complaint, was filed, and, based thereon, the plaintiffs rested their cause. Thereupon the defendants' counsel moved for a nonsuit on the ground that no evidence had been offered by the plaintiffs tending to show that the items of the tax, undertaken to be levied, were in violation of the provisions of the charter. This motion was denied, whereupon the defendants' counsel offered testimony tending to establish the remaining controverted averments of the answer. Most of such testimony was rejected, and, a decree having been rendered, granting the relief prayed for in the complaint, the defendants appeal.

AFFIRMED. REHEARING DENIED.

For appellants there was a brief over the names of *Mr. John H. Bower* and *Mr. Sjur P. Ness,* with an oral argument by *Mr. Bower.*

For respondents there was a brief over the name of *Messrs. Thompson & Hardy,* with an oral argument by *Mr. Helmus W. Thompson.*

Opinion by MR. CHIEF JUSTICE MOORE.

A charter, granted by the legislative assembly to the Town of Springfield, was filed in the office of the Secretary of State February 10, 1893: Laws Or. 1893, pp. 245–277. The clauses of such act are consecutively numbered from 1 to 142. It will be kept in mind that the answer avers the common council of the Town of Springfield prepared and submitted to the qualified electors of that municipality an alteration of its fundamental law, as follows:

"Chapter 8, section (50), article (1) of the charter of the Town of Springfield be amended so as to read:

'To levy, assess and collect taxes not to exceed (1) per cent, except as otherwise provided and ect.' ''

Section 50 of the charter, granted by the legislative assembly, is not found in Chapter 8 thereof, but in the preceding chapter.    Article I of Section 50 of the legislative charter reads:

"The common council shall have power and authority within the corporate limits of the Town of Springfield: 1. To levy, assess, and collect taxes not to exceed one half of 1 per cent, except as otherwise provided in this act, upon all tangible property, both real and personal property, within the corporate limits of said town, and all goods, wares, and merchandise kept for sale in said town, by whomsoever owned, but no notes, accounts, credits, or bills receivable shall be taxed."

Whether or not the reference in the proposed amendment to Chapter 8 of the charter should be eliminated and the attempted alteration limited to an amendment of Article I of Section 50 of the organic law of the municipality, it is not necessary to determine.    The contemplated change is so indefinite that it cannot be enforced with certainty without first inserting after the words, "except as otherwise provided," the clause, "in this charter," and further excluding the word and abbreviation, "and ect."

The exercise by a municipal corporation of legislative authority to levy taxes is a proceeding *in invitum,* to enforce which the provision of the charter, expressly granting the power, is the limit of the exaction: *Corbett* v. *City of Portland,* 31 Or. 407, 414 (48 Pac. 428, 429).    In deciding that case Mr. Justice BEAN, speaking for the court, says:

"The principle is universal that whenever a municipality or other governmental agency of a state seeks to impose the burden of taxation upon a citizen or upon

his property, it must be able to show the grant of such power by express words or necessary implication. No doubtful inference from other powers granted or from obscure provisions of the law, nor mere matter of convenience, or even necessity, will answer the purpose. The grant relied upon must be evident and unmistakable, and all doubts will be resolved against its exercise, and in favor of the taxpayer.''

An examination of the language employed in the proposed amendment of Section 50 of the charter (Laws Or. 1893, p. 253), shows it is too vague and dubious to authorize a levy of the taxes to which exceptions have been urged in this suit.

Other objections and exceptions to the rulings of the court are insisted upon by defendants' counsel. A careful examination of them induces the conclusion that they are without merit. The decree should be affirmed, and it is so ordered.

AFFIRMED.    REHEARING DENIED.

MR. JUSTICE BEAN, MR. JUSTICE BENSON and MR. JUSTICE McBRIDE concur.